IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE BENNETT,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 1:06cv723-MHT |
| **ARMY FLEET SUPPORT LLC,** | § | |
| Defendant. | § | |

## ANSWER OF DEFENDANT ARMY FLEET SUPPORT, LLC

Defendant Army Fleet Support, LLC ("AFS"), by and through its counsel, answers the Complaint of Plaintiff Christine R. Bennett ("Plaintiff") as follows:

### First Defense

The Complaint fails to state a claim against AFS upon which relief can be granted.

### Second Defense

Responding to the corresponding paragraph numbers of the Complaint, AFS answers as follows:

1. AFS is informed and, on the basis of such information, admits that Plaintiff resides at the address indicated in paragraph no. 1.

2. Defendant admits the allegations of paragraph no. 2, except that its principal office is at Fort Rucker, Alabama.

3. The averments of paragraph no. 3 state a legal conclusion as to the subject matter jurisdiction of this Court and, therefore, require no response from AFS. To the extent that a response is deemed necessary, AFS admits that this Court has subject matter jurisdiction over this matter as well as personal jurisdiction over AFS, but denies that it has violated any of the cited statutes with regards to the Plaintiff.

4. AFS denies the validity of Plaintiff's claims against it.

5. Denied.

6. Denied.

7. AFS admits its name, but denies the remaining allegations of paragraph no. 7.

8. Denied.

9. AFS denies that it has discriminated against Plaintiff in violation of the statutes cited.

10. Denied.

11. AFS admits the allegations in the first two sentences of paragraph no. 11. AFS is informed, and on the basis of such information admits, the allegations in the third sentence of paragraph no. 11.

12. Denied.

13. AFS denies all allegations not specifically admitted herein.

### Third Defense

The Complaint and each alleged claim therein is barred by the applicable statutes of limitations.

## Fourth Defense

Plaintiff's right to any recovery is barred to the extent that she failed to exhaust all administrative remedies and failed to meet all procedural and/or jurisdictional prerequisites to bring this action.

## Fifth Defense

Plaintiff's Complaint is barred to the extent it seeks to exceed the scope of the Charge of Discrimination filed by Plaintiff with the EEOC.

## Sixth Defense

Plaintiff is not entitled to relief for alleged conduct which occurred prior to 180-days before she filed her Charge of Discrimination with the EEOC.

## Seventh Defense

Plaintiff is barred from the equitable relief she seeks because she does not come to Court with clean hands.

## Eighth Defense

Plaintiff is barred from the equitable relief she seeks by the doctrine of laches.

## Ninth Defense

Plaintiff has waived the claims she makes herein.

## Tenth Defense

Plaintiff is estopped from bringing the claims she raises herein.

## Eleventh Defense

Plaintiff is not a "qualified individual with a disability" within the meaning of the Americans with Disabilities Act of 1990. 42 U.S.C.A. §12112(a). Therefore, she is not subject to the protections of that Act.

## Twelfth Defense

Plaintiff was not an employee of AFS at the time of the events about which she complains.

## Thirteenth Defense

Plaintiff had not applied for employment with AFS at the time of the events about which she complains.

## Fourteenth Defense

The Complaint, and each purported claim therein, is barred because any actions or decisions by AFS with respect to Plaintiff's employment were taken or made in good faith and were based on legitimate, business-related reasons and not on Plaintiff's sex or disability. Even if Plaintiff's sex or alleged disability had been a factor considered by AFS in making any decisions concerning Plaintiff's employment, which AFS denies was the case, the same decision(s) would have been made without consideration of Plaintiff's sex or alleged disability.

**Fifteenth Defense**

Without admitting liability for any acts or omissions alleged in the Complaint, which liability AFS expressly denies, AFS asserts that any such act or omission giving rise to this action was undertaken or made in good faith and AFS had reasonable grounds for believing it was not in violation of the Americans With Disabilities Act when doing so.

**Sixteenth Defense**

AFS acted at all time in good faith and without discriminatory intent.

**Seventeenth Defense**

AFS did not willfully violate any of the statutes or laws referenced in the Complaint.

**Eighteenth Defense**

The accommodations claimed by Plaintiff would have imposed an undue hardship on AFS.

**Nineteenth Defense**

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or mental distress are barred because no conduct of AFS was extreme or outrageous or undertaken with the intent of causing, or in reckless disregard of the likelihood of causing, emotional distress.

### Twentieth Defense

Any back pay to which Plaintiff claims to be entitled is offset by Plaintiff's earnings and benefits from interim or subsequent employment. Any award to Plaintiff of compensatory and/or punitive damages in this action is limited to the statutory amount set forth in 42 U.S.C. § 1981a(b)(3)(A).

### Twenty-First Defense

On information and belief, Plaintiff is barred from obtaining the relief she seeks, in whole or in part, due to her failure to mitigate or reasonably attempt to mitigate damages, if any, as required by law.

### Twenty-Second Defense

Plaintiff is not entitled to punitive damages because Plaintiff has failed to plead facts sufficient to entitle her to an award of punitive damages and, in any event, Defendant did not act with malice or reckless indifference to any of Plaintiff's rights or commit any knowing, wanton, intentional or malicious acts.

### Twenty-Third Defense

AFS did not act recklessly or with indifference to the federally protected rights of Plaintiff. Hence, Plaintiff cannot recover punitive damages against AFS.

**PRAYER FOR RELIEF**

Having fully answered the allegations of the Complaint and having set forth its affirmative defenses, AFS respectfully prays that:

    A.    The Complaint be dismissed and Plaintiff take nothing from AFS;

    B.    That judgment be entered in favor of AFS;

    C.    That the Court award AFS its costs of litigation, including reasonable attorneys' fees; and

    D.    That the Court grant such other and further relief to AFS as it deems just and proper.

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843


/s/ Kirk C. Shaw  (SHAWK0466)

/s/ Mary Carol Ladd (WHITL6156)

Attorneys for Army Fleet Support LLC


**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy on

Christine Bennett
1036 County Road 154
New Brockton, AL 36351

by depositing the same in the United States mail, properly addressed and first-class postage prepaid.

/s/ Kirk C. Shaw (SHAWK0466)