IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE BENNETT,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 1:06cv723-MHT |
| **ARMY FLEET SUPPORT LLC,** | § | |
| Defendant. | § | |

**ANSWER OF DEFENDANT ARMY FLEET SUPPORT, LLC
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Army Fleet Support, LLC ("AFS"), incorrectly named in the Amended Complaint as "Army Fleet Support Services, LLC," by and through its counsel, answers the Amended Complaint of Plaintiff Christine R. Bennett ("Plaintiff") as follows:

**First Defense**

The Amended Complaint, or one or more Counts therein, fails to state a claim against AFS upon which relief can be granted.

**Second Defense**

Plaintiff's claim that she is substantially limited in "working" fails to state a claim upon which relief can be granted under the ADA, because "working" is not a major life activity.

## Third Defense

Responding to the corresponding paragraph numbers of the Amended Complaint, AFS answers as follows:

I.  Introduction.  The averments of the introductory paragraph state legal conclusions and require no response from AFS.  To the extent that a response is deemed necessary, AFS admits that Plaintiff purports to bring her action pursuant to Title I of the American with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), but AFS denies that it violated either Act with respect to the Plaintiff.

1.  AFS admits that this Court has subject matter jurisdiction over this matter as well as personal jurisdiction over AFS.  The remaining averments of paragraph no. 1 are conclusory statements which require no response from AFS.  To the extent that a response is deemed necessary, AFS denies that it has violated any of the cited statutes with respect to the Plaintiff.

2.  AFS denies that Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission.  AFS is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff filed her Initial Complaint within ninety days of her receipt of the Notice of Right to Sue from the EEOC.  AFS denies the remaining allegations of paragraph no. 2.

3. AFS is informed and, on the basis of such information, admits the allegations of the first and third sentences of paragraph no. 3. AFS denies the remaining allegations of paragraph no. 3.

4. AFS denies that it is Plaintiff's employer as alleged in paragraph no. 4. AFS admits the remaining allegations of that paragraph.

5. Denied.

6. AFS is informed and, on the basis of such information, admits to the correctness of the averments of paragraph no. 6.

7. AFS is informed and, on the basis of such information, admits to the correctness of the averments of paragraph no. 7.

8. AFS admits that DynCorp's bargaining unit was represented by International Association of Machinists and Aerospace Workers AFL-CIO, and its Local Lodge No. 2003 ("Union") and that there was a collective bargaining agreement between the parties.

9. AFS is informed and, on the basis of such information, believes that Plaintiff was injured on the job in 2002 while employed by DynCorp and that she underwent surgeries on her knee. AFS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph no. 9.

10.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the surgeries performed on Plaintiff's knee.  AFS denies that Plaintiff walks with a severe limp or that she suffers a substantial impairment to her ability to walk.

11.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph no. 11.

12.     AFS, a joint venture, admits that it successfully bid for, and was awarded, a contract by the U.S. Army Aviation and Missile Command to provide maintenance and logistics support for rotary-wing aircraft at Fort Rucker, Alabama beginning December 1, 2003.  AFS admits that the contract is potentially a ten-year, $2.7 billion contract.

13.     AFS admits that it entered into a Bridge Agreement with the Union.  The Bridge Agreement speaks for itself.  AFS denies the remaining allegations of paragraph no. 13.

14.     AFS denies that the Bridge Agreement addressed the issue of "good standing."  AFS admits that it required in its offers of employment to DynCorp employees in 2003 that those who applied for employment with AFS had to be in good standing with DynCorp prior to December 1, 2003.  Plaintiff did not apply for employment with AFS in 2003.  AFS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph no. 14.

15.     Denied.

16.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph no. 16.

17.     AFS admits that, following a Functional Capacity Evaluation by Southern Bone and Joint Rehab on April 6, 2004, in which it was concluded that "Patient['s] Physical Demand Level" was "light" and her "job match" was negative, because Plaintiff "does not demonstrate the ROM [range of motion], strength, endurance, or balance to carry out the essential functions of an avionics technician with AFS," Dr. Granger issued a form stating that Plaintiff "may return to work on 5/19/04," but limited Plaintiff as follows: "no climbing or heavy lifting - sedentary work only with repetitive use of hands." AFS admits that it did not employ Plaintiff thereafter. AFS denies that Plaintiff is able to perform the essential functions of the Armament Avionics Electrician and Instrument Technician classification for AFS.

18.     Denied.

19.     Admitted, but AFS also denies that Plaintiff's grievance had merit.

20.     AFS admits that Plaintiff was given an independent medical evaluation on January 25, 2006 and that the examining physician, N. Tucker Mattox, Jr., M.D., concluded that Plaintiff could perform a "light-duty position where she's doing sitting with only occasionally

(sic) standing and walking. This would be less than three to five minutes per hour. She also should not do any climbing, squatting, or heavy lifting." AFS cannot accommodate those limitations in the job classifications to which Plaintiff has limited herself. AFS admits that Plaintiff was last denied employment by AFS in January 2006. AFS denies the remaining allegations of paragraph no. 20.

21. Denied.

22. AFS admits that Plaintiff filed a Charge of Discrimination with the EEOC on or before August 2, 2005. AFS admits that the EEOC issued its determination and right-to-sue letter on May 9, 2006, but AFS is without knowledge or information sufficient to form a belief as to when Plaintiff received such notice or whether she filed her lawsuit within 90 days of receiving the EEOC's right-to-sue letter.

23. Denied.

24. AFS adopts its answers to paragraphs 1-23.

25. Denied, except that AFS admits that it is an "employer" within the meaning of the ADA.

26. Denied.

27.	Denied.

28.	Denied.

29.	Denied.

30.	Denied.

31.	AFS adopts its answers to paragraphs 1-30.

32.	Paragraph no. 32 requires no answer of this Defendant, but to the extent that it does, AFS adopts its answers to paragraphs 1-31.

33.	Denied.

34.	Denied.

35.	Denied.

36.	AFS adopts its answers to paragraphs 1-35 of the Amended Complaint.

37.	Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. AFS denies that Plaintiff is entitled to the relief prayed for in her Prayer for Relief.

44. AFS denies any allegations not heretofore specifically admitted herein.

**Fourth Defense**

The Complaint and each alleged claim therein are barred by the applicable statutes of limitations.

**Fifth Defense**

Plaintiff's right to any recovery is barred to the extent that she failed to exhaust all administrative remedies and failed to meet all procedural and/or jurisdictional prerequisites to bring this action.

### Sixth Defense

Plaintiff's Complaint is barred to the extent it seeks to exceed the scope of the Charge of Discrimination filed by Plaintiff with the EEOC.

### Seventh Defense

Plaintiff is not entitled to relief for alleged conduct which occurred prior to 180-days before she filed her Charge of Discrimination with the EEOC.

### Eighth Defense

Plaintiff is guilty of misconduct which precludes her employment by AFS.

### Ninth Defense

Under AFS' policies, Plaintiff was not employable by it because of her misconduct with respect to AFS.

### Tenth Defense

Plaintiff is estopped from bringing the claims she raises herein.

### Eleventh Defense

Plaintiff was not an employee of AFS at the time of the events about which she complains.

### Twelfth Defense

Plaintiff had not applied for employment with AFS at the time of the events about which she complains.

### Thirteenth Defense

Plaintiff is not a "qualified individual with a disability" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12112(a), or an "otherwise qualified handicapped individual" within the meaning of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §794. Therefore, she is not subject to the protections of those Acts.

### Fourteenth Defense

The Complaint and each purported claim therein are barred because any actions or decisions by AFS with respect to Plaintiff's employment were taken or made in good faith and were based on legitimate, business-related reasons and not on Plaintiff's sex or alleged disability.

### Fifteenth Defense

Even if Plaintiff's sex or alleged disability had been a factor considered by AFS in making any decisions concerning Plaintiff's employment, which AFS denies was the case, the same decision(s) would have been made without consideration of Plaintiff's sex or alleged disability.

**Sixteenth Defense**

Without admitting liability for any acts or omissions alleged in the Complaint, which liability AFS expressly denies, AFS asserts that any such act or omission giving rise to this action was undertaken or made in good faith and AFS had reasonable grounds for believing it was not in violation of the Americans With Disabilities Act, the Rehabilitation Act or Title VII of the Civil Rights Act when so acting.

**Seventeenth Defense**

AFS acted at all times in good faith and without discriminatory intent with respect to Plaintiff.

**Eighteenth Defense**

AFS did not willfully violate any of the statutes or laws referenced in the Complaint.

**Nineteenth Defense**

The accommodations identified and requested by Plaintiff conflict with the terms of the collective bargaining agreement between AFS and the Union and are not reasonable.

**Twentieth Defense**

The accommodations identified and requested by Plaintiff would have imposed an undue hardship on AFS.

### Twenty-First Defense

The ability to stand and walk for more than three to five minutes per hour, and the ability to climb, squat and lift are bona fide occupational qualifications for the positions to which Plaintiff has limited herself. Hence, AFS cannot reasonably accommodate Plaintiff in the jobs in which she is willing to work.

### Twenty-Second Defense

Any back pay to which Plaintiff claims to be entitled is offset by Plaintiff's earnings and benefits from interim or subsequent employment.

### Twenty-Third Defense

On information and belief, Plaintiff is barred from obtaining the relief she seeks, in whole or in part, due to her failure to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

### Twenty-Fourth Defense

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or mental distress to her are barred because no conduct of AFS was extreme or outrageous or undertaken with the intent of causing, or in reckless disregard of the likelihood of causing, emotional distress to Plaintiff.

### Twenty-Fifth Defense

Punitive damages are not recoverable under either Count One (American with Disabilities Act) or Count Two (Rehabilitation Act).

### Twenty-Sixth Defense

Plaintiff is not entitled to punitive damages because Plaintiff has failed to plead facts sufficient to entitle her to an award of punitive damages and, in any event, Defendant did not act with malice or reckless indifference to any of Plaintiff's federally protected rights, nor did AFS commit any knowing, wanton, intentional or malicious acts.

### Twenty-Seventh Defense

Any award to Plaintiff of compensatory and/or punitive damages is limited to the statutory amount set forth in 42 U.S.C. § 1981a(b)(3)(A).

### Twenty-Eighth Defense

Plaintiff is barred from the equitable relief she seeks because she does not come to Court with clean hands.

### Twenty-Ninth Defense

Plaintiff is barred from the equitable relief she seeks by the doctrine of laches.

**PRAYER FOR RELIEF**

Having fully answered the allegations of the Complaint and having set forth its affirmative defenses, AFS respectfully prays that:

    A.    The Complaint be dismissed and Plaintiff take nothing from AFS;

    B.    That judgment be entered in favor of AFS;

    C.    That the Court award AFS its costs of litigation, including reasonable attorneys' fees; and

    D.    That the Court grant such other and further relief to AFS as it deems just and proper.

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843


/s/ Kirk C. Shaw  (SHAWK0466)

/s/ Mary Carol Ladd (WHITL6156)

Attorneys for Army Fleet Support LLC


**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to the following counsel of record:

Jon C. Goldfarb
jgoldfarb@wcqp.com

Ethan R. Dettling
edettling@wcqp.com


          /s/ Kirk C. Shaw (SHAWK0466)