**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CHRISTINE BENNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v ) | **1:06-CV-723-MHT** |
| ) | |
| **ARMY FLEET SUPPORT** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**AMENDED COMPLAINT**

**COMES NOW**, the plaintiff, and amends her complaint pursuant to Rule 15, Fed. R. Civ. P. and states as follows:

**I.    INTRODUCTION**

This Complaint alleges violations of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. seq.,* along with Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, as last amended. Specifically, Plaintiff alleges that Defendant discriminated against her based on her disability and/or based on Defendant's perception that plaintiff suffers from a disability, and/or plaintiff's record of having a disability and that Defendant refused to reasonably accommodate her.    Further, Plaintiff alleges that Defendant engaged in sex

1

discrimination with respect to accommodating disabilities for female employees. This action seeks equitable and injunctive relief as well as compensatory and punitive damages, and attorneys fees and costs.

## II.    JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. § 2201 and 2202, and 42 U.S.C. §§ 12112, 12117(a) and 12203, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, as amended.  Venue is proper pursuant to 28 U.S.C. § 1391.  This action is brought to secure the protection of and to redress the deprivation of rights secured by the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. § 12101, *et. seq.,* as amended by the Civil Rights Act of 1991, which provides for injunctive relief and other relief against disability discrimination.  Further, this action is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, which provides for injunctive and other relief against sex discrimination and retaliation in employment.  Finally, this action is also brought to secure the protection of and to redress the deprivation of rights secured by the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. §§ 12112, 12203. Plaintiff timely filed her initial Charge of Discrimination on July 29, 2005, or within 180 days of the occurrence of the last discriminatory act. Plaintiff also filed her initial Complaint within 90 days of the receipt of a Notice of Right-to-Sue issued by the Equal Employment Opportunity Commission. The Rehabilitation Act does not require exhaustion of administrative remedies.

### III. PARTIES

3. Plaintiff, Christine Bennett, is a female citizen of the United States and a resident of the State of Alabama. Plaintiff has a medical condition which substantially limits her ability to, inter alia, walk and work in a class of jobs or a broad range of jobs. Plaintiff has had three total knee replacement surgeries on her right knee. In addition, Plaintiff has a history or record of having an impairment, which substantially limits one or more of her major life activities, and she is perceived or regarded as a person with a disability as that term is defined under the ADA. Thus, Plaintiff has a disability under the ADA. (42 U.S.C. § 12102).

4. Defendant is an employer under the ADA and is Plaintiff's employer pursuant to 42 U.S.C. § 12111(5), 42 U.S.C. § 12131(1). Defendant is an employer under Title VII of the act of Congress known as the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, *et.seq.* Defendant is a limited liability company, qualified to do business in the State of Alabama, which operates on Fort Rucker, Alabama as part of its business of providing maintenance for U.S. Army aircraft.

5. On information and belief, Army Fleet Support Services, LLC (hereinafter "AFSS") receives federal financial assistance. 29 U.S.C. § 794.

IV. **FACTUAL ALLEGATIONS**

6. The plaintiff was first employed by Dyncorp on or about February 22, 1999 at Fort Rucker, Alabama as part of the Dyncorp's contract to perform maintenance services on the Army's helicopter fleet stationed at Fort Rucker.

7. The plaintiff worked as an Avionics, Armament, Electrical, and Instrument Technician.

8. Dyncorp's work force was unionized through the International Association of Machinists and Aerospace Workers, AFL-CIO and Local Lodge No. 2003 under a negotiated collective bargaining agreement.

9. While employed by Dyncorp, the preceding company, Ms. Bennett suffered a job related injury which occurred on or about March 20, 2002. As a result of her injuries, Ms. Bennett was required to undergo four knee surgeries on her right knee.

10. After undergoing an unsuccessful surgery to repair her knee, Ms. Bennett

was forced to undergo a total knee replacement surgery. Ms. Bennett suffered infections after her first and second total knee replacement surgeries. As a result of several infections, Ms. Bennett has now had three total knee replacement surgeries on her right knee. Ms. Bennett walks with a severe limp and relies on a forearm crutch (a device that clasps to her forearm and has a handle for her to grab) to walk. Even while using her forearm crutch, Ms. Bennett suffers a substantial impairment in her ability to walk.

11. During her medical treatment for her right knee, Ms. Bennett worked for Dyncorp under medical restrictions more severe than the permanent medical restrictions now placed on plaintiff by her doctors.

12. During 2003, the defendant AFSS was awarded a contract by the United States Department of Defense to assume the responsibilities previously performed by Dyncorp. The Department of Defense has agreed to pay $2.7 Billion to AFSS and a joint venture of other companies. The contract was to begin on December 1, 2003.

13. AFSS and International Association of Machinists and Aerospace Workers, AFL-CIO and Local Lodge No. 2003 (hereinafter "the union") entered into a Bridge Agreement during the transition period from Dyncorp to AFSS. The Bridge Agreement was agreed upon by AFSS, at least in part, to avoid negotiating a new collective bargaining agreement ("CBA") with the union. As part of a Bridge

Agreement, the defendant AFSS agreed to employ all employees in good standing with Dyncorp as of November 30, 2003.

14.  The plaintiff was an employee in good standing on the date required by the Bridge Agreement.

15.  The plaintiff is still employed by AFSS and is classified as an Avionics, Armament, Electrical, and Instrument Technician.

16.  At the time AFSS took over the contract to at Fort Rucker, Ms. Bennett remained on medical leave as a result of her on the job injury.

17.  After Ms. Bennett's surgeon, Keith Granger, M.D., released Ms. Bennett to return to work with some physical restrictions, she attempted to return to work on April 6, 2004. AFSS refuses to allow Ms. Bennett to return to work despite the fact that Ms. Bennett is able to perform the essential functions of her work with or without reasonable accommodations. During this time, she has not been paid any wages or benefits, nor has she been compensated for accrued vacation, sick leave, or other accruals.

18.  Beginning on April 6, 2004 and continuing until the present, AFSS has engaged in a continuing violation of the rights secured for Ms. Bennett by Title VII, the Rehabilitation Act of 1973, and the Americans with Disabilities Act.

19.  On or about May 26, 2004, Ms. Bennett filed a grievance through the

union seeking to be placed back to work pursuant to the CBA. The union representative missed the deadline for submitting Ms. Bennett's grievance to arbitration. Two arbitration hearings were held, but Ms. Bennett's union grievance was ultimately dismissed solely on the ground that it was untimely filed by the union.

20. Ever since April 6, 2004, Ms. Bennett has continued to seek a return to work with AFSS, but AFSS continues to refuse to allow her to return to work with or without reasonable accommodations. Ms. Bennett was last denied the opportunity to return to work during January 2006 after being examined by a physician of AFSS' choosing for an Independent Medical Evaluation.

21. The defendant's articulated reasons for refusing to allow Ms. Bennett to return to work are not legitimate and are pretextual.

22. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about July 29, 2005. The EEOC issued a right to sue letter to plaintiff which plaintiff received on May 15, 2006. Plaintiff filed her lawsuit within 90 days of receiving the right to sue.

23. The Defendant has intentionally, and with malice or reckless indifference, discriminated and retaliated against Plaintiff on the basis of Plaintiff's sex, disability, history of disability and/or perceived disability, with respect to hiring, compensation, job assignments, accommodations, and other terms, conditions and

privileges of employment.

## V. CAUSES OF ACTION

### COUNT ONE - TITLE I OF THE AMERICANS WITH DISABILITIES ACT

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 above with the same force and effect as if fully set out in specific detail hereinbelow.

25. As stated, Plaintiff is a person with a disability, has a history or record of disability and is regarded as disabled. 42 U.S.C. § 12102. Defendant is an employer and, specifically, Plaintiff's employer, in accordance with 42 U.S.C. § 12111(5).

26. Plaintiff is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12111. Plaintiff is an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the job as an Avionics, Armament, Electrical, and Instrument Technician and other jobs for which she is qualified. 42 U.S.C. § 12102, 29 C.F.R. § 1630(m), 29 U.S.C. § 794 and 42 U.S.C. § 12131

27. The Defendant too, failed to accommodate the Plaintiff and would have suffered no undue hardship for such accommodation. 29 C.F.R. § 1630.9

28. Defendant has, intentionally and with reckless disregard, discriminated

against Plaintiff due to her disability and has otherwise limited, classified, and segregated Plaintiff in a way that has adversely affected her job opportunities because of her disability, history of disability, and the perception of her as a person with a disability. 42 U.S.C. § 12112. 29 C.F.R. §1632.4, *et. seq.*

29.     As a result of Defendants' actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

30.     Allowing Plaintiff to remain in her position would not have caused an undue hardship to Defendant.

**COUNT TWO - § 504 OF THE REHABILITATION ACT OF 1973, AS LAST AMENDED**

31.     Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above with the same force and effect as if fully set out in specific detail hereinbelow.

32.     The facts set forth above and incorporated by reference apply to this count.

33.     Additionally, AFSS is an entity covered by § 504 because it receives

federal assistance in numerous forms, including, but not limited to:

 1. the use of real property owned by the federal government;

 2. the use of motor vehicles, specialized equipment, and other personal property owned by the federal government;

 3. training or other services performed by federal personnel;

 4. The lease of real or personal property owned by the federal government for less than market value; and

 5. in other ways not enumerated.

34. By its actions as set forth herein, the Defendant has, intentionally and with reckless disregard, discriminated against Plaintiff due to her disability and has otherwise classified, and segregated Plaintiff in a way that has adversely affected her job opportunities because of her disability, history of disability, and the perception of her as a person with a disability in violation of the Rehabilitation Act of 1973, as last amended.

35. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## **COUNT THREE - TITLE VII - SEX DISCRIMINATION**

36.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above with the same force and effect as if fully set out in specific detail hereinbelow.

37.     The Defendant refused to provide reasonable accommodations to the plaintiff, a female, while at the same time the defendant provided accommodations to its male employees.

38.     The Defendant discriminated against the plaintiff based on her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

39.     The defendant has failed to articulate a legitimate, and non-discriminatory reason for a refusing accommodations to females while granting accommodations to males.

40.     The defendant engaged in the practices complained of herein with a malice and/or with reckless indifference to the plaintiff's federally protected rights.

41.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for her back pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing

adequate relief.

42. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Honorable Court assume the jurisdiction of these causes of action and award the Plaintiff the following relief:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by Defendant constitutes discrimination and retaliation and are violative of Plaintiff's rights as secured by Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 *et seq.*, and/or Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 which provide for injunctive and other relief against sex discrimination in employment.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the

Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Title I of the Americans with Disabilities Act, Section 504 Rehabilitation Act of 1973. Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. 2000e, *et seq.*, as amended by the Civil Rights Act of 1991.

3. Enter an Order awarding Plaintiff damages including lost wages (plus interest), nominal, compensatory and punitive damages, reinstatement into the position she would occupy in the absence of discrimination, or front pay in lieu thereof, and loss of other benefits of employment.

4. Award Plaintiff reasonable costs, attorney's fees and expenses.

5. Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE**

    Respectfully submitted,

    s/Ethan R. Dettling
    Jon C. Goldfarb (ASB-5401-F58J)
    Ethan R. Dettling (ASB-9067-T68E)
    Counsel for Plaintiff

**OF COUNSEL**:
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North

Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been properly filed with the Clerk of Court using the CM/ECF system which will send electronic notification to the following counsel of record:

Kirk Cordell Shaw
Mary Carol Ladd
Ambrecht Jackson LLP
PO Box 290
Mobile, AL 36601-0290
251-405-1302
Fax: 251-432-6843
Email: kcs@ajlaw.com
Email: mcl@ajlaw.com

on this the  12th day of  October , 2006.

                                                   s/Ethan R. Dettling
                                                   OF COUNSEL