IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE BENNETT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 1:06cv723-MHT |
| | ) |
| ARMY FLEET SERVICES, LLC., | ) |
| | ) |
|    Defendant. | ) |

**PROTECTIVE ORDER**

Upon due consideration of the parties' motion for a protective order (doc. # 21), and for good cause shown, it is

ORDERED that the motion for a protective order (doc. # 21) be and is hereby GRANTED.

Discovery in this case may involve the production of confidential, proprietary and/or sensitive business information and/or commercially private data regarding Plaintiff Christine Bennett ("Plaintiff") or Defendant Army Fleet Support, LLC ("Defendant") and its employees. Accordingly, good cause having been shown within the meaning of FED. R. CIV. P. 26(c), and it appearing that the parties in this action consent to entry of this Protective Order, it is further

ORDERED as follows:

1.    As used herein, the word "document" means (a) all papers, electronic information, and other materials produced or furnished by Plaintiff or Defendant; (b) all copies, extracts, and complete or partial summaries prepared from such documents; (c)

portions of deposition transcripts and exhibits thereto which relate to any such documents, copies, extracts, or summaries; and (d) portions of briefs, memoranda, or any other writings filed with the Court, and exhibits thereto, which relate to any such documents, extracts, or summaries.

2. All documents produced by Plaintiff or Defendant that are designated as "Subject to Protective Order in Civil Action No. 1:06-CV-723-MHT" (hereinafter abbreviated as "Subject to Protective Order") shall be treated as such by all persons to whom such documents are disclosed. Such confidential documents shall be used exclusively in this action and for no other purpose. Any document designated as "Subject to Protective Order" pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

3. If any confidential document is used during any deposition, relevant portions of the transcript (as designated by agreement of counsel) shall be treated as subject to the protective order in accordance with paragraph B, *supra*.

4. Any document or deposition transcript designated as "Subject to Protective Order" under this Order shall, if filed with the court, be clearly marked "Subject to Protective Order," sealed, placed in separate, secure storage by the clerk, and opened only by authorized court personnel.

5. Documents and deposition transcripts designated as "Subject to Protective Order" pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to counsel, the parties, employees or professional assistants of counsel (including experts) who have a need to review the information or contents of the documents

to aid effectively in the preparation of the case. Notwithstanding the foregoing, documents or deposition transcripts designated as "Subject to Protective Order" pursuant to this Order may be disclosed to potential witnesses for Plaintiff or Defendant only on an as-needed basis if Plaintiff's or Defendant's counsel first informs each such witness of, and he or she agrees to be bound by, the terms of this Consent Protective Order.

6. Prior to disclosure to Plaintiff or employees of Defendant of documents designated as "Subject to Protective Order" pursuant to this Order, Plaintiff or the employees of Defendant shall be given a copy of the Protective Order entered in this case.

7. Prior to disclosure to potential witnesses for Plaintiff or Defendant of documents designated as "Subject to Protective Order" pursuant to this Order, such potential witnesses for Plaintiff or Defendant shall be given a copy of the Protective Order entered in this case.

8. The party seeking discovery shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to any documents designated as "Subject to Protective Order." The party seeking discovery will treat all materials or information designated as "Subject to Protective Order" in accordance with the requirements of this Order during the pendency of such motion. The parties agree that, before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any documents.

9. After the final termination of this litigation, all documents, or other materials afforded confidential treatment pursuant to this Order and in the possession of Plaintiff or Defendant or their respective counsel shall, upon request of the producing party, promptly

be returned to the party who produced the document(s). The producing party will retain those return materials for a period of three years.

10. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

Done this 18th day of January, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE