## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE BENNETT,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 1:06cv723-MHT** |
| **ARMY FLEET SUPPORT LLC,** | § | |
| **Defendant.** | § | |

### AMENDED ANSWER OF DEFENDANT ARMY FLEET SUPPORT, LLC
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Army Fleet Support, LLC ("AFS"), incorrectly named in the Amended Complaint as "Army Fleet Support Services, LLC," by and through its counsel, answers the Amended Complaint of Plaintiff Christine R. Bennett ("Plaintiff") as follows:

### First Defense

The Amended Complaint, or one or more Counts therein, fails to state a claim against AFS upon which relief can be granted.

### Second Defense

Plaintiff's claim that she is substantially limited in "working" fails to state a claim upon which relief can be granted under the ADA, because "working" is not a major life activity.

## **Third Defense**

Responding to the corresponding paragraph numbers of the Amended Complaint, AFS answers as follows:


I.    Introduction.  The averments of the introductory paragraph state legal conclusions and require no response from AFS.  To the extent that a response is deemed necessary, AFS admits that Plaintiff purports to bring her action pursuant to Title I of the American with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), but AFS denies that it violated either Act with respect to the Plaintiff.


1.    AFS admits that this Court has subject matter jurisdiction over this matter as well as personal jurisdiction over AFS.  The remaining averments of paragraph no. 1 are conclusory statements which require no response from AFS.  To the extent that a response is deemed necessary, AFS denies that it has violated any of the cited statutes with respect to the Plaintiff.


2.    AFS denies that Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission.  AFS is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff filed her Initial Complaint within ninety days of her receipt of the Notice of Right to Sue from the EEOC.  AFS denies the remaining allegations of paragraph no. 2.

3.      AFS is informed and, on the basis of such information, admits the allegations of the first sentence of paragraph no. 3 and that Plaintiff has had at least three surgeries on her right knee. AFS denies the remaining allegations of paragraph no. 3.

4.      AFS denies that it is Plaintiff's employer as alleged in paragraph no. 4. AFS admits the remaining allegations of that paragraph.

5.      Denied.

6.      AFS is informed and, on the basis of such information, admits to the correctness of the averments of paragraph no. 6.

7.      AFS is informed and, on the basis of such information, admits to the correctness of the averments of paragraph no. 7.

8.      AFS admits that DynCorp's bargaining unit was represented by International Association of Machinists and Aerospace Workers AFL-CIO, and its Local Lodge No. 2003 ("Union") and that there was a collective bargaining agreement between the parties.

9.      AFS is informed and, on the basis of such information, admits the allegations of paragraph nine of the Amended Complaint.

10.     AFS admits that Ms. Bennett sustained an infection in her right knee following surgery on that knee in January 2003, which infection was cured with further surgery and treatment. AFS denies that Plaintiff walks with a severe limp or that she suffers a substantial impairment to her ability to walk. AFS denies the remaining allegations of paragraph no. 10.

11.     Denied.

12.     AFS, a joint venture, admits that it successfully bid for, and was awarded, a contract by the U.S. Army Aviation and Missile Command to provide maintenance and logistics support for rotary-wing aircraft at Fort Rucker, Alabama beginning December 1, 2003. AFS admits that the contract is potentially a ten-year, $2.7 billion contract. AFS denies the remaining allegations of paragraph no. 12.

13.     AFS admits that it entered into a Bridge Agreement with the Union. The Bridge Agreement speaks for itself. AFS denies the remaining allegations of paragraph no. 13.

14.     AFS denies that the Bridge Agreement addressed the issue of "good standing." AFS admits that a condition of its offers of employment to DynCorp employees in 2003 was they had to be in good standing with DynCorp prior to December 1, 2003. AFS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph no. 14.

15.     Denied.

16.     AFS is informed and, on the basis of such information, admits that prior to December 1, 2003, Ms. Bennett was on leave from DynCorp because of her alleged on-the-job injury.

17.     AFS admits that, following a Functional Capacity Evaluation by Southern Bone and Joint Rehab on April 6, 2004, in which it was concluded that "Patient['s] Physical Demand Level" was "light" and her "job match" was negative, because Plaintiff "does not demonstrate the ROM [range of motion], strength, endurance, or balance to carry out the essential functions of an avionics technician with AFS," Dr. Granger issued a form stating that Plaintiff "may return to work on 5/19/04," but limited Plaintiff as follows:  "no climbing or heavy lifting - sedentary work only with repetitive use of hands."  AFS admits that it did not employ Plaintiff on or after May 19, 2004.  AFS denies that Plaintiff was, or is, able to perform, with or without reasonable accommodation, the essential functions of the Armament, Avionics, Electrical and Instrument Technician ("AAE&I Technician's") classification for AFS.

18.     Denied.

19.     Admitted, but AFS denies that Plaintiff's grievance had merit otherwise.

20.     AFS admits that Plaintiff was given an independent medical evaluation on January 25, 2006 and that the examining physician, N. Tucker Mattox, Jr., M.D., concluded that Plaintiff could perform a "light-duty position where she's doing sitting with only occasionally

(sic) standing and walking. This would be less than three to five minutes per hour. She also should not do any climbing, squatting, or heavy lifting." AFS cannot accommodate those limitations in the AAE&I Technician's classification to which Plaintiff limited herself. AFS admits that Plaintiff was not employed by AFS following a doctor's examination in January 2006. AFS denies the remaining allegations of paragraph no. 20.

21.    Denied.

22.    AFS admits that Plaintiff filed a Charge of Discrimination with the EEOC on or before August 2, 2005. AFS admits that the EEOC issued its determination and right-to-sue letter on May 9, 2006, but AFS is without knowledge or information sufficient to form a belief as to when Plaintiff received such notice or whether she filed her lawsuit within 90 days of receiving the EEOC's right-to-sue letter.

23.    Denied.

24.    AFS adopts its answers to paragraphs 1-23.

25.    Denied, except that AFS admits that it is an "employer" within the meaning of the ADA.

26.    Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     AFS adopts its answers to paragraphs 1-30.

32.     Paragraph no. 32 requires no answer of this Defendant, but to the extent that it does, AFS adopts its answers to paragraphs 1-31.

33.     Denied.

34.     Denied.

35.     Denied.

36.     AFS adopts its answers to paragraphs 1-35 of the Amended Complaint.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     AFS denies that Plaintiff is entitled to the relief prayed for in her Prayer for Relief.

44.     AFS denies any allegations not heretofore specifically admitted herein.

## Fourth Defense

The Complaint and each alleged claim therein are barred by the applicable statutes of limitations.

## Fifth Defense

Plaintiff's right to any recovery is barred to the extent that she failed to exhaust all administrative remedies and failed to meet all procedural and/or jurisdictional prerequisites to bring this action.

## Sixth Defense

AFS was not required to employ Plaintiff in the job that she requested, because to have done so would have posed a significant risk of substantial harm to the safety of other employees, soldiers and civilians.

## Seventh Defense

When Plaintiff declined to accept any job with AFS other than AAE&I Technician's job, she lost any alleged protected status under the Americans With Disabilities Act or the Rehabilitation Act of 1973 which she may have otherwise enjoyed.

## Eighth Defense

Plaintiff's Complaint is barred to the extent it seeks to exceed the scope of the Charge of Discrimination filed by Plaintiff with the EEOC.

## Ninth Defense

Plaintiff is not entitled to relief for alleged conduct which occurred prior to 180-days before she filed her Charge of Discrimination with the EEOC.

## Tenth Defense

Plaintiff is guilty of misconduct which precludes her employment by AFS.

**Eleventh Defense**

Under AFS' policies, Plaintiff was not employable by it because of her misconduct with respect to AFS.

**Twelfth Defense**

Plaintiff is estopped from bringing the claims she raises herein.

**Thirteenth Defense**

Plaintiff was not an employee of AFS at the time of the events about which she complains.

**Fourteenth Defense**

Plaintiff is not a "qualified individual with a disability" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12112(a), or an "otherwise qualified handicapped individual" within the meaning of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §794. Therefore, she is not subject to the protections of those Acts.

**Fifteenth Defense**

The Complaint and each purported claim therein are barred because any actions or decisions by AFS with respect to Plaintiff's employment were taken or made in good faith and were based on legitimate, business-related reasons and not on Plaintiff's sex or alleged disability.

**Sixteenth Defense**

Even if Plaintiff's sex or alleged disability had been a factor considered by AFS in making any decisions concerning Plaintiff's employment, which AFS denies was the case, the same decision(s) would have been made without consideration of Plaintiff's sex or alleged disability.

**Seventeenth Defense**

The ability to stand and walk for more than three to five minutes per hour, and the ability to climb, squat and lift were essential functions for the position to which Plaintiff limited herself. Hence, AFS could not reasonably accommodate Plaintiff in the job in which she requested to work.

**Eighteenth Defense**

The ability to stand and walk for more than three to five minutes per hour, and the ability to climb, squat and lift were bona fide occupational qualifications for the position to which Plaintiff limited herself. Hence, AFS could not reasonably accommodate Plaintiff in the job in which she requested to work.

**Nineteenth Defense**

Plaintiff did not identify and request a reasonable accommodation from AFS.

## Twentieth Defense

The accommodation identified and requested by Plaintiff conflicted with seniority and other provisions of the collective bargaining agreement between AFS and the Union and, therefore, was not reasonable.

## Twenty-First Defense

The accommodation identified and requested by Plaintiff would have imposed an undue hardship on AFS.

## Twenty-Second Defense

The accommodation requested by Plaintiff would have been unduly disruptive of AFS' other employees or the functions of its business, imposing an undue hardship on AFS.

## Twenty-Third Defense

Without admitting liability for any acts or omissions alleged in the Complaint, which liability AFS expressly denies, AFS asserts that any such act or omission giving rise to this action was undertaken or made in good faith and AFS had reasonable grounds for believing it was not in violation of the Americans With Disabilities Act, the Rehabilitation Act or Title VII of the Civil Rights Act when so acting.

## Twenty-Fourth Defense

AFS acted at all times in good faith and without discriminatory intent with respect to Plaintiff.

**Twenty-Fifth Defense**

AFS did not willfully violate any of the statutes or laws referenced in the Complaint.

**Twenty-Sixth Defense**

AFS made good faith efforts to confer with Plaintiff and reasonably accommodate her while not causing an undue hardship on AFS' operation of its business.  Hence, no damages may be awarded against AFS.

**Twenty-Seventh Defense**

Any back pay to which Plaintiff claims to be entitled is offset by Plaintiff's earnings and benefits from interim or subsequent employment.

**Twenty-Eighth Defense**

On information and belief, Plaintiff is barred from obtaining the relief she seeks, in whole or in part, due to her failure to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

**Twenty-Ninth Defense**

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or mental distress to her are barred because no conduct of AFS was extreme or outrageous or undertaken with the intent of causing, or in reckless disregard of the likelihood of causing, emotional distress to Plaintiff.

**Thirtieth Defense**

Punitive damages are not recoverable under either Count One (American with Disabilities Act) or Count Two (Rehabilitation Act).

**Thirty-First Defense**

Plaintiff is not entitled to punitive damages because Plaintiff has failed to plead facts sufficient to entitle her to an award of punitive damages and, in any event, Defendant did not act with malice or reckless indifference to any of Plaintiff's federally protected rights, nor did AFS commit any knowing, wanton, intentional or malicious acts.

**Thirty-Second Defense**

Any award to Plaintiff of compensatory and/or punitive damages is limited to the statutory amount set forth in 42 U.S.C. § 1981a(b)(3)(A).

**Thirty-Third Defense**

Plaintiff is barred from the equitable relief she seeks because she does not come to Court with clean hands.

**Thirty-Fourth Defense**

Plaintiff is barred from the equitable relief she seeks by the doctrine of laches.

## PRAYER FOR RELIEF

Having fully answered the allegations of the Complaint and having set forth its

affirmative defenses, AFS respectfully prays that:

A.    The Complaint be dismissed and Plaintiff take nothing from AFS;

B.    Judgment be entered in favor of AFS;

C.    The Court award AFS its costs of litigation, including reasonable attorneys' fees;

and

D.    The Court grant such other and further relief to AFS as it deems just and proper.


ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:    (251) 405-1300
Facsimile:    (251) 432-6843


/s/ Kirk C. Shaw  (SHAWK0466)

/s/ Mary Carol Ladd (WHITL6156)

Attorneys for Army Fleet Support LLC


## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2007, I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF system which will send electronic notification
to the following counsel of record:

Jon C. Goldfarb
jgoldfarb@wcqp.com

Ethan R. Dettling
edettling@wcqp.com

/s/ Kirk C. Shaw (SHAWK0466)