## IN THE UNITED STATED DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE BENNETT** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | | **1:06cv723-MHT** |
| **ARMY FLEET SUPPORT LLC,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S UNOPPOSED MOTION FOR HIPAA DISCOVERY ORDER
## PURSUANT TO 45 C.F.R. §164.512(e)(1)

Comes now Defendant Army Fleet Support LLC ("AFS"), pursuant to 45 C.F.R. § 164.512(e)(1) and federal substantive and procedural laws, and files this unopposed motion for the Court to enter a discovery order pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") allowing AFS (i) to obtain medical information through subpoenas, requests for production of documents and depositions of the physicians who have treated the Plaintiff, Christine Bennett (collectively, "Designated Doctors") and (ii) to provide the medical and factual information obtained through such subpoenas, requests for production of documents, and depositions to AFS' attorneys, agents or employees of its attorneys, its retained and non-retained experts, and members of management of Defendant or its joint venture, and (iii) to use such information for all necessary purposes in the context of this litigation, subject

to the terms of the Court's Order.  In support of this motion, Defendant shows unto the Court as follows:

1.      Since December 1, 2003, Defendant AFS has been the contractor providing maintenance and logistical support for rotary-wing aircraft at Ft. Rucker, Alabama.  It succeeded DynCorp Technical Services ("DynCorp") as maintenance contractor.

2.      Plaintiff Christine Bennett ("Bennett") is an Armament, Avionics, Electrical and Instrument Technician who injured her knee in an on-the-job accident in March 2002, while working for DynCorp.

3.      In April 2004, Bennett sought to return to work for AFS, subject to certain medical restrictions, but was denied employment.

4.      Bennett filed a Charge of Discrimination with the Equal Employment Opportunity Commission and, then later, the instant civil action.  Bennett contends that AFS violated the Americans With Disabilities Act by not accommodating her alleged disability and that it discriminated against her because of her sex in not allowing her to return to work.  She claims to have "suffered injury including pain, humiliation, mental anguish, and suffering, and loss of employment of life" as result of AFS' conduct. Amended Complaint (Doc. 18) ¶ 33.

2

5.      In response to interrogatory no. 5 of Defendant's First Discovery Request, Bennett identified those doctors listed on Attachment "A" to this motion as having treated her in the last ten years.

6.      Defendant AFS needs to investigate Bennett's allegations of disability in order to properly defend this civil action.  Necessarily, this investigation involves examining and copying Bennett's medical records to determine Bennett's medical condition, treatment, and physical capabilities, her periods of incapacity since March 2002, and any remarks she may have made about the facts underlying the instant action to her physicians.  Defendant may also need to depose the treating physicians and members of their staff about these matters.

7.      HIPAA's regulations specifically anticipate and authorize the disclosure of protected health information in the course of a judicial or administrative proceeding in response to an Order by the Court issued pursuant to 45 C.F.R. § 164.512(e)(1)(i).

8.      Defendant's counsel has discussed and disclosed the instant motion and attached, proposed Order to Bennett's counsel and represents to the Court that Bennett's counsel does not object to Defendant's motion or the proposed Order provided that

Plaintiff's counsel is furnished copies of documents received by AFS for which Bennett

will reimburse AFS for reasonable copying costs.


9.      Defendant AFS states that if the Court enters a discovery Order, any

medical information that it receives from the Designated Doctors will be used exclusively

for purposes of this litigation.  At the conclusion of this litigation and any appeal thereof,

Defendant AFS will, upon request by Bennett or her attorneys, either return or destroy the

medical information and documentation obtained pursuant to the Court's Order.


WHEREFORE, the premises considered, Defendant Army Fleet Support LLC

respectfully requests this Court to enter the attached HIPAA Order pursuant to 45 C.F.R.

§ 164.512(e)(1)(i).


ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Phone:      (251) 405-1302
Facsimile:    (251) 432-6843


By____/s/ Kirk C. Shaw (SHAW0466)____

By____/s/ Mary Carol Ladd (WHITL6156)

Attorneys for Army Fleet Support LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Jon C. Goldfarb (jgoldfarb@wcqp.com)
WIGGINS, CHILDS, QUINN & PANTAZIS P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Ethan R. Dettling (edettling@wcqp.com)
WIGGINS, CHILDS, QUINN & PANTAZIS P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203


/s/ Kirk C. Shaw_(SHAWK0466)_____

**NUMBER 5:**

Identify each physician, psychiatrist, psychologist, psychotherapist, other medical personnel, counselor, minister, or social worker whom you have consulted or by whom you have consulted or by whom you have been treated in the last ten years, and the reasons for such consultations or treatment.

**ANSWER NUMBER 5:**

Objection. This interrogatory is overly broad, unduly burdensome, and not reasonably limited in time or scope. Further, this interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Also, plaintiff objects to the extent this interrogatory seeks a medical or expert opinion. Without waiving these objections, and to the best of plaintiff's memory, she was treated by the following:

Dr. Andy Kirk- General Doctor

Dr. Gary Allen- General Doctor

Dr. Dale Greene- OB-GYN

Dr. Walter Young - OB-GYN

Dr. Steinkampf - Fertility Specialist

Dr. Scott Callahan - Allergist

Dr. Labanowski - Sleep Specialist

Dr. Flanagan - Pain Management

Dr. Keith Granger - Orthopedic

Kristie Anderson- Physical Therapist

Dannie Peters- Physical Therapist

Todd Defenderfer- Physical Therapist Assistant

1968-1975 (apprx) My father was in the Marine Corps and I do not have access to these records

1975- Present

1982- Dr. Moore - lateral retinacular release Southern Bone and Joint

1989- Dr. Hagler delivered my son

1998- Dr. Granger right knee arthroscopy with lateral retinacular release and open medial reefing procedure and debridement chondroplasty

2-9-99 Dr. Granger right wrist ganglion cyst excised

1999-2000 Medical treatment for miscarriages - Dale Medical Center

1-27-00 Dr. Green removed a bilateral Tubal Pregnancy

No mental impairment,

1982 Dr. Moore - lateral retinacular release Southern Bone and Joint, 1998 Dr. Granger right knee arthroscopy with lateral retinacular release and open medial reefing procedure and debriement chondroplasty

2-9-99 Dr. Granger right wrist ganglion cyst excised, I was released from these with no impairment.

Dr. Hagler Dothan

The above are all of the doctors I can think of right now. I will supplement if there are other doctors.

IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE BENNETT** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | | **1:06cv723-MHT** |
| **ARMY FLEET SUPPORT LLC,** | § | |
| **Defendant.** | § | |

**PROPOSED**
**HIPAA ORDER IN CIVIL ACTION**

Upon compliance with Rules 30, 34, or 45 of the Federal Rules of Civil Procedure, the attorneys for Defendant Army Fleet Support are permitted to inspect and copy all medical records relating to Christine Bennett from the doctors identified by Plaintiff Christine Bennett in response to Defendant's interrogatory no. 5 and their respective medical groups (collectively referred to as "Designated Doctors").  Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may depose any of the Designated Doctors or their staff in connection with the aforementioned medical records (such information referred to hereafter as "Protected Health Information") or any factual information they may have regarding this action.  The attorneys for Defendant may also provide Protected Health Information related to Christine Bennett that was obtained through subpoenas, requests for production of documents, and depositions with Christine Bennett's Designated Doctors and their staff to the agents or employees of the attorneys,

Defendant's retained and non-retained experts, and members of management of Defendant, all of whom shall be instructed to protect the privacy and confidentiality thereof in accordance with the terms of this Order.  Defendant may also use such Protected Health Information for all purposes in the context of this litigation subject to the terms of this Order.

**This Court Order authorizes any Designated Doctor, as defined above, or member of such Designated Doctor's staff who is served with a subpoena or a request for production of documents pursuant to the civil rules of procedure to disclose Protected Health Information relating to Christine Bennett in response to such subpoena or request by producing documents responsive to such subpoena or request.  This Court Order authorizes any Designated Doctor who is deposed to disclose Protected Health Information relating to Christine Bennett.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1)(i) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  45 C.F.R. Section 164.512(e)(1)(i).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure.

Nothing in this Order shall be construed to authorize Defendant or attorneys for Defendant to release, exchange, submit or share any Protected Health Information with any other person or any other entity, except to an agent or employee of the attorneys, a member of management of Defendant or its joint venture, and any retained or non-

retained expert who may be involved in this litigation, or to use such Protected Health Information except in the context of this litigation and subject to the terms of this Order.

Defendant shall furnish Plaintiff's counsel with a copy of all documents received pursuant to this Order and Plaintiff shall reimburse Defendant for the reasonable cost of copying same.  At the conclusion of this action and upon request of the Christine Bennett or counsel for Ms. Bennett, the recipients of the Protected Health Information shall return to Christine Bennett or her counsel, or shall destroy, the documents containing Protected Health Information received by them pursuant to this Order.

DONE and ORDERED this the ___ day of _____, 2007.

_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE
JUDGE