## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**CHRISTINE BENNETT,**          *

    **Plaintiff,**          *

**v.**          *     **CIVIL ACTION NO. 1:06cv723-MHT**

**ARMY FLEET SUPPORT, LLC,**          *

    **Defendant.**          *


## MOTION OF DEFENDANT ARMY FLEET SUPPORT, LLC
## TO ENFORCE MEDIATION SETTLEMENT AGREEMENT

Comes now Defendant Army Fleet Support, LLC ("AFS"), and moves the Court to enter an Order enforcing the Mediation Settlement Agreement executed by the parties on August 15, 2007. As grounds therefor, AFS shows unto the Court as follows:

1.     On August 15, 2007, the parties engaged in mediation before mediator Fern Singer, Esq., in Birmingham, Alabama.

2.     The parties agreed to settle the lawsuit and signed the attached Mediation Settlement Agreement (Exhibit "1") at the conclusion of the mediation. The Plaintiff, Christine Bennett, personally signed the Agreement.

3.    On August 21, 2007, the Court entered its Judgment (doc. no. 48) dismissing the lawsuit in its entirety with prejudice, subject to the terms thereof.

4.    AFS's counsel has forwarded a Confidential Settlement Agreement and General Release (Exhibit "2") to Plaintiff's counsel, which tracks the substantive provisions of the parties' Mediation Settlement Agreement.

5.    AFS  has  prepared checks for Plaintiff and for Plaintiff's counsel in the amounts called for in the Mediation Settlement Agreement.   AFS's counsel has notified Plaintiff's counsel that he is holding the checks for delivery upon Plaintiff's execution of the formal Confidential Settlement Agreement and General Release.

6.    Plaintiff has failed and refused to execute the formal Confidential Settlement Agreement and General Release or to state any reason for failing to do so.

WHEREFORE, Defendant Army Fleet Support, LLC moves the Court to enforce the settlement and require Plaintiff to consummate same.

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843


/s/ Kirk C. Shaw  (SHAWK0466)

Attorneys for Army Fleet Support LLC


## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Jon C. Goldfarb (jgoldfarb@wcqp.com)
WIGGINS, CHILDS, QUINN & PANTAZIS P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Ethan R. Dettling (edettling@wcqp.com)
WIGGINS, CHILDS, QUINN & PANTAZIS P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203


/s/ Kirk C. Shaw (SHAWK0466)

Mediation Settlement Agreement
8/15/7

1. Defendant will pay to plaintiff and her attorneys the sum of

2. Defendant will pay the entire cost of mediation.

3. Plaintiff will dismiss her case with prejudice

4. The General Release and Settlement Agreement will include a no-rehire clause and a confidentiality clause.  THIS NO REHIRE CLAUSE
FOR AWM
DOES NOT APPLY TO SUCCESSOR ORGANIZATIONS

5. The formal General Release and Settlement Agreement will be sent by defendant's attorney to plaintiff's attorney by 8/20/7

6. Defendant will send plaintiff and her atty the funds by w/i 30 days of 8/15/7

7. Plaintiff's sum will be characterized as compensatory damages

8. Defendant will provide plaintiff a neutral reference.

_Kirk C Shaw_
KIRK SHAW AT
COUNSEL FOR
D

_Christine Bennett_
CHRISTINE BENNETT

_Ethan Perling_
ETHAN PERLING P
COUNSEL FOR PT

Exhibit 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release is made by and between Christine Grimm Bennett ("Ms. Bennett") and Army Fleet Support, LLC (sometimes "AFS") (collectively, the "Parties").

## W I T N E S S E T H:

**WHEREAS**, certain disputes have arisen between the Parties, including a civil action pending in the United States District Court for the Middle District of Alabama captioned *Christine Bennett, Plaintiff, v. Army Fleet Support Services, LLC, Defendant,* Civil Action No. 1:06-CV-723-MHT ("Civil Action"); and

**WHEREAS,** Ms. Bennett and AFS mutually desire to amicably resolve any and all disputes between them including, but not limited to, all matters relating to Ms. Bennett's efforts to work for AFS and her Civil Action, and

**WHEREAS,** AFS, in exchange for Ms. Bennett's dismissal of the Civil Action with prejudice and her execution of this Confidential Settlement Agreement and General Release, has agreed to provide Ms. Bennett with the payment described herein.

Exhibit 2

NOW, THEREFORE, in consideration of the covenants and agreements in this Confidential Settlement Agreement and General Release, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.     **General Release.** For and in consideration of the undertakings of AFS set forth herein, Ms. Bennett, for herself and her heirs, executors, administrators, and assigns, does hereby RELEASE Army Fleet Support, LLC, its joint venture members and affiliated companies and entities, and its and their officers, directors, shareholders, employees, agents, and representatives, and their respective successors and assigns, heirs, executors and administrators (hereinafter "Releasees") of and from all manner of actions and causes of action, suits, debts, claims and demands whatsoever, whether in law or in equity, arising on or before the date of this Confidential Settlement Agreement and General Release which she ever had, now has, or which her heirs, executors, or administrators hereafter may have by reason of any matter, cause, or thing whatsoever, and particularly, but without limitation of the foregoing general terms, any claims concerning or relating in any way to Ms. Bennett's efforts to obtain employment with AFS, the denial of employment to her by AFS, or her lack of employment with AFS thereafter including, but not limited to, any claims which have been asserted, could have been asserted, or could be asserted in the future against Releasees growing out of events occurring before the execution of this Confidential Settlement Agreement and General Release, including any claims arising under Title VII of the Civil Rights Act of 1964, as

2

amended, 42 U.S.C. § 2000e *et seq.;* the Americans With Disabilities Act, 42 U.S.C.

§ 12101 *et seq.;* the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 – 96i; 42 U.S.C.

§ 1981, as amended; the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.;* the

Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.;* and any and all

other federal, state or local laws, and any common law claims now or hereafter

recognized, including, but not limited to, claims of intentional or negligent infliction of

emotional distress, defamation, invasion of privacy, assault and/or battery, wrongful

termination of employment, and workers' compensation benefits, and all claims for

attorneys' fees and costs.  This Confidential Settlement Agreement and General Release

shall not be construed to release claims or rights that cannot be waived as a matter of law

by Ms. Bennett including, but not limited to, the filing of a charge with the Equal

Employment Opportunity Commission. Ms. Bennett agrees that in the event of any

further proceeding whatsoever based on any claim, known or unknown, founded on

events occurring prior to the execution of this Confidential Settlement Agreement and

General Release, the Releasees shall have no further monetary or other obligation of any

kind to her including, without limitation, any obligation for damages, costs, expenses or

attorney's fees incurred by or on behalf of Ms. Bennett.


For and in consideration of the undertakings of Ms. Bennett set forth herein, AFS,

for itself, its successors, assigns and subrogees, does hereby RELEASE Christine Bennett

and her heirs, executors, and administrators of and from all manner of actions and causes

of action, suits, debts, claims and demands whatsoever, whether in law or in equity, arising on or before the date of this Confidential Settlement Agreement and General Release which it ever had, now has, or which it hereafter may have against her.

2.    **Dismissal of Action.**  Ms. Bennett agrees to authorize her attorneys to execute the attached Stipulation of Dismissal with Prejudice, dismissing the entire Civil Action with prejudice.  The obligations of AFS set forth herein are expressly conditioned and contingent upon the filing of the attached Stipulation of Dismissal with Prejudice.

3.    **Payment.**  In full consideration of Ms. Bennett's execution and return of this Confidential Settlement Agreement and General Release and attached Stipulation of Dismissal with Prejudice, AFS agrees to pay to Ms. Bennett and her attorneys the total sum of [amount not disclosed].  This payment is for compensatory damages.  No part of it shall be allocated to wages or compensation, and no deductions shall be made by AFS for any federal, state, local, FICA, FUTA, or other taxes, assessments or reimbursements. Ms. Bennett acknowledges that acceptance of such payment for compensatory damages is not in any way conditioned upon the payment being non-taxable.  AFS will cause to be issued an IRS Form 1099 for such payment.  Ms. Bennett acknowledges that it is her and her attorneys' sole responsibility, and not that of AFS, to pay any federal, state or local taxes that may be associated with AFS's payment of the aforementioned sum, and Ms. Bennett agrees to indemnify and hold harmless the Releasees for any taxes, penalties,

interest or cost (except attorney's fees) which Releasees may incur or may be liable to pay as the direct or indirect consequence of making the payment referenced herein. AFS further agrees to pay the mediator's fee for mediating the dispute between the Parties.

4.    **Confidentiality.  Ms. Bennett agrees to keep the fact and terms of this Confidential Settlement Agreement and General Release in strict confidence.  Ms. Bennett represents that she has not communicated or disclosed, and will not hereafter communicate or disclose the terms of this document, the settlement of her claims, or any offers of settlement, including her satisfaction or lack or satisfaction with the settlement, to any person other than her spouse, parents, attorneys, accountant or income tax preparer and, even as to such a person, only if the person agrees to honor this confidentiality requirement.  Such a person's violation of this confidentiality requirement is to be treated as a violation by Ms. Bennett.  In response to any inquiry made to her related to the Civil Action, Ms. Bennett agrees to respond by stating only, "the matter has been resolved."**

5.    <u>No Admission of Liability.</u>  Ms. Bennett agrees and acknowledges that this Confidential Settlement Agreement and General Release is not, and should not be construed to be, an admission of liability, wrongdoing, or any violation of any federal, state, or local statute, ordinance, or regulation, or of any duty owed by any of the

Releasees to her, and that AFS expressly denies any liability to her with respect to any claim related to or arising out of any matters alleged in the Civil Action.

6. **No Reemployment.** Ms. Bennett agrees that she will not apply for or otherwise seek employment with AFS or the partners composing its joint venture, or it or their successors or affiliates, and that AFS and the partners composing its joint venture, or it or their successors and affiliates, will not employ her. However, the Parties agree that this covenant shall not mean that Ms. Bennett will be required to quit her employment with any employer that is subsequently acquired by AFS, the partners composing its joint venture, or it or their successors or affiliates, nor will it bar Ms. Bennett from employment with any current or subsequent, non-AFS affiliated contractor at Fort Rucker.

7. **Neutral Reference/Non-disparagement.** Ms. Bennett agrees to direct any potential employer seeking to check her employment references to contact AFS's Director of Human Resources. AFS agrees that it will respond to any request for a reference that is made to its Director of Human Resources by providing only the dates of employment and the position held by Ms. Bennett at Fort Rucker. Ms. Bennett agrees that she will not make critical, negative or disparaging remarks against AFS or Releasees.

8.    **Entire Agreement.**  This Confidential Settlement Agreement and General Release contains the entire agreement between the Parties and may be modified only in a writing executed in the same manner as the original Confidential Settlement Agreement and General Release, and no agreements, representations, or statements of any party not contained herein shall be binding on such party.

9.    **Enforcement.**  Either Party shall have the right specifically to enforce this Confidential Settlement Agreement and General Release, except for provisions that subsequently may be held invalid or unenforceable, and to obtain money damages for its breach upon proof by a preponderance of the evidence of same.

10.    **Counterparts.**  This Confidential Settlement Agreement and General Release may be executed in one or more counterparts, and may be executed on telefaxed copies, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

11.    **Acknowledgments.**  Ms. Bennett represents that she has carefully read and fully understands all the provisions of this Confidential Settlement Agreement and General Release, that she is entering into this Confidential Settlement Agreement and General Release voluntarily, and that she has consulted with her attorneys before executing it.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, Ms.

Bennett and Army Fleet Support, LLC have executed the foregoing Confidential

Settlement Agreement and General Release as of the dates respectively set forth below.

_____

Christine Grimm Bennett

Date:_____

Army Fleet Support, LLC

By_____

As its_____

Date:_____

8